**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5117**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

CHARLES ELLIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Parkersburg.  Joseph R. Goodwin,
Chief District Judge.  (6:06-cr-00037-1)

Submitted:  November 12, 2008      Decided:  November 26, 2008

Before WILKINSON, MICHAEL, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Barron M. Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West
Virginia, for Appellant. Charles T. Miller, United States
Attorney, Steven I. Loew, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Ellis appeals his convictions and 324-month sentence imposed for conducting straw purchases of firearms through four women in the Parkersburg, West Virginia, area so he could resell the firearms for profit in Boston. He was also convicted of tampering with two of the witnesses. On appeal, Ellis argues that his right to a fair trial was violated by improper testimony and a remark by the prosecutor in closing statements. He also contends that his sentence is unreasonable. Finding no error, we affirm.

Ellis did not make any contemporaneous objections to any of the evidentiary errors alleged on appeal. Therefore, the errors are subject to plain error review. United States v. Olano, 507 U.S. 725, 731-33 (1993). Four conditions must be met before this court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Id. at 732-37.

Ellis first argues that the testimony of Agent Michael Turner that five guns were found at crime scenes and calling the guns "crime guns" was highly prejudicial, inflammatory, and

2

unnecessarily tied him to at least four unspecified crimes. Ellis contends that this amounted to a character attack and deprived him of his Fifth Amendment right to a fair trial. The Government maintains that the straw purchases and resales in Boston were criminal acts, making the firearms "crime guns," and further that, because at least four firearms were recovered from crime scenes, they were in fact accurately characterized as crime guns.

We conclude that it was not error for Agent Turner to refer to the firearms recovered from crime sites as "crime guns." Ellis does not contest that the firearms were recovered from crime scenes and there was no testimony that Ellis was involved in any overt acts related to the crimes later associated with the guns. Therefore there is no error, particularly one which "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Brewer, 1 F.3d 1430, 1435 (4th Cir. 1993).

Next, Ellis contends that the testimony of Delano Gaskins, a former inmate with Ellis, that he decided not to traffic in guns with Ellis because he had "changed around by the grace of God" was unduly prejudicial and improperly used to bolster the credibility of this Government witness who was a convicted felon. Ellis seeks a new trial to cure the

3

misconduct. The Government replies that any error is harmless, if any error resulted at all.

A prosecutor may neither vouch for nor bolster the testimony of a Government witness in arguments to the jury. United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997). Vouching generally occurs when the prosecutor indicates a personal belief in the credibility of a witness. United States v. Lewis, 10 F.3d 1086, 1089 (4th Cir. 1993). "While improper vouching must generally come from the prosecutor's own mouth, a prosecutor's solicitation of assertions of trustworthiness from government witnesses may also be impermissible vouching." Id. (citing United States v. Piva, 870 F.2d 753, 760 (1st Cir. 1989)).

Impermissible vouching and bolstering do not necessarily mandate retrial, however. Instead, "[t]he relevant question is whether the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." Sanchez, 118 F.3d at 198 (internal quotation marks omitted). In making this determination, we examine "(1) the degree to which the comments could have misled the jury; (2) whether the comments were isolated or extensive; (3) the strength of proof of guilt absent the inappropriate comments; and (4) whether the comments were deliberately made to divert the jury's attention." Id.

4

The Assistant United States Attorney (AUSA) asked Gaskins whether he agreed to Ellis's suggestion that he illegally sell guns. Gaskins simply replied, "[n]o." The AUSA then asked, "[w]hy not?" The Government did not linger over his answer. Nor did the AUSA refer to the answer in his closing statement. The testimony does not implicate impermissible bolstering requiring remand. The remark was isolated, did not mislead the jury as to relevant facts, was slight compared to the rest of the evidence, and does not appear to have been deliberately elicited to divert the jury's attention from Gaskins' status as a felon. See Sanchez, 118 F.3d at 198. Therefore there was no error, plain or otherwise.

During closing, the AUSA stated that the women who purchased firearms had not purchased firearms since the straw purchases--a fact not in the record. Ellis contends that this was testifying to facts not in evidence. Although it was a short statement, Ellis argues it was a broad assertion, which tended to mislead the jury. Ellis states that, although there was no contemporaneous objection made to the comment, it affected the fundamental fairness of the trial because it involved the five strongest witnesses against him.

A prosecutor's improper closing argument may "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Wilson,

135 F.3d 291, 297 (4th Cir. 1998) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)) (internal quotation marks omitted). In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, this court considers whether the remarks were, in fact, improper, and, if so, whether the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial. Id.

We conclude that even if the AUSA's isolated remark was improper, it did not so prejudice Ellis's substantial rights as to deny him a fair trial. Although the remark was about facts not in evidence and involved the witnesses who purchased firearms for Ellis, it did not address a crucial element of the charges unsupported by other evidence. Considering the isolated remark and the totality of the evidence as a whole, the remark was not unduly prejudicial.

Finally, Ellis argues that together the crime guns testimony, Gaskins' testimony, and the AUSA's allegedly improper remark in closing resulted in cumulative error that would require a new trial. However, no error resulted and therefore the cumulative error analysis is not necessary.

Ellis argues that his sentence is procedurally unreasonable because the district court imposed it prior to the Supreme Court's decision in Gall v. United States, 128 S. Ct.

6

586, 597 (2007), and that the court did not fully consider whether a sentence closer to the statutory minimums on each count, which would require a variance far below the low end of the Guidelines range, was reasonable. Ellis contends that the court abused its discretion by presuming reasonableness of the Guidelines range.

A sentence is reviewed for abuse of discretion, Gall, 128 S. Ct. at 597, with the review encompassing both procedural soundness and substantive reasonableness. Id. In Gall and in Kimbrough v. United States, 128 S. Ct. 558 (2007), the Supreme Court clarified the sentencing judge's authority to impose a sentence outside the Guidelines range "based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations." Kimbrough, 128 S. Ct. at 575 (internal quotation and citation omitted).

Ellis was sentenced before Gall and Kimbrough were decided, so the district court did not have the benefit of those decisions. Either treating the Guidelines as mandatory or failing to consider the § 3553(a) factors adequately would constitute a "significant procedural error." Gall, 128 S. Ct. at 597. However, in this case, after stating its belief that the Guidelines range was too severe, the court went on to impose a sentence three years below the 360-month low end of the Guidelines range. Nothing in the record indicates that the

7

court believed that it could not vary further downward. Although Ellis claims that the court erroneously applied a presumption of reasonableness to the Guidelines range, it varied downward and there is no indication that the court was unaware of the applicable statutory minimum sentences. Finally, the court considered the § 3553(a) factors in fashioning the sentence. We therefore find that Ellis has not demonstrated procedural error.

We therefore affirm the convictions and sentence. We deny Ellis's pro se motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED